UNITED STATES of America, Plaintiff,

v.

Ricky G. ELLIOTT, Defendant.

No. CR–1–83–100.

United States District Court,
S.D. Ohio, W.D.

Jan. 13, 1984.

Terry W. Lehmann, Asst. U.S. Atty., Cincinnati, Ohio, for plaintiff.

Merlyn D. Shiverdecker, Cincinnati, Ohio, for defendant.

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS

SPIEGEL, District Judge.

This matter is before the Court on the defendant, Ricky G. Elliott's motion to suppress evidence (doc. 3), and the United States' memorandum in opposition to that motion (doc. 4). As set forth in the following analysis, we conclude that the affidavit in support of the warrant provides no substantial basis for an inference of probable cause. Therefore, we conclude that the motion to suppress must be granted.

The factual portion of the affidavit in support of the warrant reads in its entirety as follows:

Due to anonymous citizens complaints concerning drug activity, on the afternoon of August 11, 1983 at approximately 2:00 p.m. affiant picked up two sealed garbage bags which were abandoned at the curb side in front of 1102 Madeline Circle, the residence of Rick Elliott. Affiant thoroughly searched through both sealed bags and found a quantity of partially smoked marijuana cigarettes and several stems from marijuana stalks, portions of which were field tested by affiant and found to test positive for

marijuana. Also found were personal papers indicating the garbage was the discarded property of Rick Elliott, 1102 Madeline Circle. Affiant having been a police officer for over 4½ years and a narcotics investigator for over 1½ years has had numerous contacts with marijuana and is familiar with its appearance and the normal packaging and pattern for its distribution. Affiant has observed several vehicles which have visited the described premises and stayed for only a short period of time which is, to affiant, the normal pattern for drug related activity.

The affiant is sworn to and subscribed by Agent Patrick A. Dilbert of the Regional Enforcement Narcotics Unit. The search warrant was issued under the authority of the Hamilton County Municipal Court.

Anonymous tips traditionally have been analyzed under the framework developed in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The *Aguilar-Spinelli* analysis involves the two-pronged test concerning (1) the basis of the informant's information and (2) the veracity of the informant. This approach was modified in *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). No longer is the *Aguilar-Spinelli* two-pronged test the talisman for determining whether an informant's tip rises to the level of probable cause. Rather, the two-prongs are properly viewed as relevant considerations in a totality of the circumstances approach to whether probable cause exists.

Ordinarily, we would apply this analysis to a case involving anonymous complaints offered in support of a search warrant. However, the instant case presents serious questions as to the timeliness of both the anonymous complaints as well as affiant's surveillance. Because we find nothing in the affidavit indicating when the anonymous complaints were received, we conclude that those complaints cannot possibly form the basis for a determination of probable cause. Therefore, we do not reach the questions posed by *Aguilar, Spinelli* and *Gates.*

■ As a preliminary matter, we note that "a state search warrant being challenged in a federal court must be judged by federal constitutional standards." *Elkins v. United States,* 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960); *United States v. McManus,* 719 F.2d 1395 (6th Cir.1983). We also note that our review is limited to the four corners of the application and affidavit. *Spinelli v. United States,* 393 U.S. 410, 413 n. 3, 89 S.Ct. 584, 587 n. 3, 21 L.Ed.2d 637 (1969).

Turning next to the problem of when the anonymous complaints were received, we are guided by considerations set forth in the thoughtful opinion of Judge Coffin in *Rosencranz v. United States,* 356 F.2d 310 (1st Cir.1966) and applied by the Sixth Circuit in *United States v. Boyd,* 422 F.2d 791 (1970). In *Rosencranz,* the Court reviewed the issuance of a search warrant based upon an affidavit that contained no "averment as to the time when the affiant received information from his anonymous informant or as to the time when affiant [acquired knowledge of illegal activity through firsthand observation]." 356 F.2d at 315. The only indication of time in *Rosencranz* was that the affidavit was phrased in the present tense. In holding the warrant invalid, the Court cautioned:

> The present tense is supported in the air; it has no point of reference. It speaks, after all, of the time when an anonymous informant conveyed information to the officer, which could have been a day, a week, or months before the date of the affidavit. To make a double inference, that the undated information speaks as of a date close to that of the affidavit and that therefore the undated observation made on the strength of such information must speak of an even more recent date would be to open the door to the unsupervised issuance of search warrants on the basis of aging information. Officers with information of questionable recency could escape embarrassment by simply omitting averments as to time, so long as they reported that whatever information they received was stated to be current at that time. Magistrates would

have less opportunity to perform their "natural and detached" function. Indeed, if the affidavit in this case be adjudged valid, it is difficult to see how any function but that of a rubber stamp remains for them.

*Id.* at 316–17, *quoted with approval in United States v. Button,* 653 F.2d 319, 325 (8th Cir.1981).

■ The affidavit in this case suffers from the same temporal deficiencies. The affiant has neglected to include averments as to the date(s) of the anonymous complaints and the date(s) of his surveillance. We do not intend to intimate that the affiant attempted deception by the omission of these dates. Nevertheless, we can only conclude that, due to the absence of these dates, the anonymous complaints and the affiant's surveillance cannot contribute to a basis for determining the existence of probable cause. To conclude otherwise would be to condone an error so fraught with the potential for abuse as to seriously undermine the constitutional protections afforded by the Fourth Amendment.

■ What remains in support of the warrant is the averment as to the fruits of the search of the defendant's garbage, that is, an unspecified "quantity of partially smoked marijuana cigarettes and several stems from marijuana stalks." Parenthetically we note that a piecemeal analysis of the affiant is generally inappropriate in determining the validity of a search warrant. Instead, the determination of probable cause should be "based upon a common-sense reading of the entire affidavit." *Spinelli,* 393 U.S. at 415, 89 S.Ct. at 588. However, in this case we must restrict our focus to the contraband found in the garbage, as the temporal deficiencies discussed above leave nothing else for consideration.

■ We conclude that the discovery of the discarded contraband, standing alone, is insufficient to support a determination of probable cause. Despite the prompt action of the agent in seeking the warrant the day after the garbage was examined, the evidence in the garbage did not render the continued presence of marijuana probable.

The affidavit does not indicate a large quantity of discarded contraband which might indicate its continued presence in the house. Instead, all we can ascertain is that at least two partially smoked marijuana cigarettes and several stems had left the home at some point in time.

Furthermore, the nature of the evidence is not such that its continued presence in the home is probable. To the contrary, this refuse is merely the waste product of past marijuana use. Moreover, it is unclear when that past use occurred, when the garbage was removed from the house or even when it was scheduled to be picked up. Even assuming weekly garbage collection, the contraband may well have been evidence of marijuana use five days prior to the examination of the garbage. Without corroboration, we cannot say that this supports a conclusion of the probable presence of contraband on the day of the search.

We can conceive of the argument that the anonymous complaint and the affiant's surveillance, despite their deficiencies, are corroborative of the contraband found in the garbage, and therefore permit the conclusion of the continued presence of contraband. Given the nature of the contraband found in this case, we find this argument unpersuasive. The waste products of marijuana use do not, of themselves, indicate any continuing presence of contraband in the home. As for the complaints and the surveillance, it is difficult to perceive how information which was pertinent perhaps weeks or months before can permit the inference of a current continued presence of contraband, even assuming that such information may have indicated a continued presence at that earlier time. Such conjecture is more appropriate in the discussion of possibilities than it is in the discussion of probabilities.

We are aware of cases in which evidence of drug use discovered in the defendant's garbage contributed to or provided the sole basis for the determination of probable cause. *See United States v. Sumpter,* 669 F.2d 1215 (8th Cir.1982); *United States v. Reicherter,* 647 F.2d 397 (3d Cir.1981). However, in *Sumpter* the presence of mari-

juana in the garbage was accompanied by an anonymous tip received three days prior, and the hearsay statements of the garbage carrier that on the day of the garbage search, several cars had made short stops at the defendant's home during the time it took to collect the refuse in the alley.

*Reicherter* is somewhat more instructive for the purposes of this case. There, probable cause rested entirely on the evidence found in the defendant's garbage. However, the evidence was collected on three separate occasions, thus indicating a continuing presence of contraband in the defendant's home. Significantly, the instant case involves a single search of the defendant's garbage, an examination that yielded perhaps a small amount of discarded marijuana cigarettes and stems. We do not think that such evidence of a single instance of past use, even in the immediate past, renders the continued presence of contraband reasonably probable.[1]

In closing, we reiterate our conclusion that the substantive points of law decided in *Illinois v. Gates*, —— U.S. ——, 103 S.Ct. 2311, 76 L.Ed.2d 527 (1983) are no more than tangentially relevant to this case. However, we do heed the Court's guidelines concerning judicial review of the issuance of a search warrant. Nevertheless, the suggested deference to the issuing Magistrate's decision cannot be tantamount to an abdication of the reviewing Court's responsibility. It is with this thought in mind that we reach our decision.

In accordance with the foregoing, the defendant's motion for the suppression of the evidence is hereby granted.

SO ORDERED.

---

1. To conclude that such a single instance provides sufficient probable cause for a search warrant would be to subject to a full and probing search, the home of a cocktail party host, whose guests, perhaps unbeknownst to him, indulge in illicit substances and discard the residue. We are not prepared to say that such searches are reasonable within the meaning of the Fourth Amendment.