Appellant Joseph D. LeMay appeals his conviction in the Stark County Court of Common Pleas on the charge of Illegal Cultivation of Marihuana, in violation of R.C. 2925.04.
In January 1998, the Canton Police Department Vice Unit relayed to the Stark County Metropolitan Narcotics Unit ("Metro") a complaint about marijuana being grown at appellant's residence in Plain Township, Stark County, Ohio. Periodic surveillance of the residence revealed no activity there. On April 22, 1998, at approximately 2:00 a.m., Metro Agent Randy Manse and an agent from the Ohio B.C.I.I. proceeded to appellant's residence for the primary purpose of utilizing an Agema 210 hand-held thermal imaging device, in order to analyze heat levels being emitted from the house. While the B.C.I.I. agent, standing on neighboring property, operated the device from various angles to the residence, Agent Manse noticed three tied bags of garbage by the street curb at the front of the residence. The agents seized the garbage bags, replacing them with bags from neighboring property. Agent Manse examined the bags later that day and found approximately 12 ounces of marijuana stems and leaves, in addition to an envelope addressed to the appellant at his residential address.
On April 23, 1998, Agent Manse prepared an affidavit in support of a search warrant containing the above information, along with the assertion that "[t]he lower Northeast (sic) corner of the residence that was tested * * * was hotter than any other part of the house and also the house across the street." The affidavit also indicated that appellant had a conviction in 1990 for marijuana trafficking.
Based upon this affidavit, Common Pleas Court Judge Richard Reinbold issued a search warrant for appellant's house. In the resulting execution of the warrant, agents seized over 11,000 grams of marijuana and several grow operation lights. This ultimately led to an indictment by the Stark County Grand Jury on one count of illegal cultivation.
Prior to trial, appellant filed a motion to suppress the results of the search of his residence, challenging the legality of the search warrant. On August 19, 1998, the trial court, per Judge John G. Haas, conducted an evidentiary hearing on the motion. The court overruled the motion to suppress, holding that although the police had conducted an illegal search of appellant's residence on April 22, 1998, via the thermal imaging device, the remaining evidence alleged in Manse's affidavit constituted probable cause. The court further held that the "good faith" exception to the exclusionary rule, per United States v. Leon (1984), 468 U.S. 897, upheld the search and seizure, even if the court were to determine that the affidavit had not provided a substantial basis for concluding probable cause had existed.
On September 4, 1998, appellant filed a motion to supplement the record and requested a reconsideration of the suppression ruling. Among the information presented to the court was stipulated evidence that a re-weighing of the marijuana clippings from the garbage bags showed approximately thirty-two grams of leaves and fifty-five grams of stems. The State argued in response that the discrepancy between these amounts and the twelve-ounce weight stated in the search warrant affidavit was due to water evaporation over the passage of time. The trial court denied appellant's motion to reconsider. On September 16, 1998, appellant entered a plea of no contest to the count of illegal cultivation. The court found appellant guilty and sentenced him to imprisonment of two years and a $2,000 fine.
Appellant timely filed his notice of appeal and raises the following single assignment of error:
I
 THE TRIAL COURT ERRED IN NOT SUPPRESSING THE FRUITS OF THE UNCONSTITUTIONAL SEARCH OF APPELLANT'S HOME.
I
Appellant argues that the trial court erred by not suppressing the evidence gathered in the search of appellant's residence on April 23, 1998. We disagree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19,State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. Statev. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry
(1994), 95 Ohio App.3d 93, State v. Claytor (1993), 85 Ohio App.3d 623, Guysinger. As the United States Supreme Court held in Omelas v. U.S. (1996), 517 U.S. 690.
 "* * * as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Id. at 699.
We find that such a de novo review in the case sub judice is proper in order to address the issues raised by appellant regarding the existence of probable cause at the time of the issuance of the search warrant. To withstand constitutional scrutiny, a search warrant may only be issued upon a showing of probable cause. The standard for determining whether probable cause to believe evidence exists in a particular location is "whether, given all the circumstances set forth in the affidavit * * * there is a fair probability that contraband or evidence will be found in a particular place." Illinois v.Gates (1983), 462 U.S. 213, 238.
Our de novo review of the record in this case indicates that the allegations in Agent Manse's affidavit, even without the thermal imaging evidence, were sufficient to justify the search warrant issued April 23, 1998. The affidavit in question stated that affiant Agent Manse, a police officer with six years' experience, had received information in January, 1998, that appellant was engaging in indoor marijuana growing, that affiant had obtained information regarding appellant's 1990 drug trafficking conviction, and that affiant and the Ohio B.C.I.I. agent had uncovered marijuana stems and leaves in garbage bags found at the front of appellant's residence on April 22, 1998. Additionally, the affidavit stated that one of the bags contained an envelope addressed to appellant.
Given these personal observations and averments, we find that there was a fair probability that contraband or evidence would be found in appellant's home. Clearly, there exists no reasonable expectation of privacy in garbage bags left for trash collection in a location which is "[a]ccessible to animals, children, scavengers, snoops, and other members of the public." California v. Greenwood (1988), 486 U.S. 35, 40. Although appellant seeks to rely on United States v. Elliott
(S.D.Ohio 1984), 576 F. Supp. 1579, for the proposition that evidence of marijuana in a garbage bag near a residence is insufficient for the issuance of search warrant, we find said case distinguishable. The affiant in that case, an agent for the Regional Enforcement Narcotics Unit in Hamilton County, Ohio, "neglected to include averments as to the date(s) of the anonymous complaints and the date(s) of his surveillance." Id.
at 1581. Such temporal defects are not present in the case subjudice.
We therefore upon review find sufficient evidence to support probable cause for the issuance of the search warrant. Based on the foregoing analysis, we find it unnecessary to further address the constitutionality of the use of thermal imaging devices. Similarly, we need not reach a discussion of the "good faith" exception under Leon, supra.
The trial court did not err in failing to suppress the fruits of the search of appellant home. Appellant's Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Gwin, J. concur.
-----------------------
-----------------------
 ----------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
-----------------------
-----------------------
 ----------------------- JUDGES