OPINION
In this appeal from a conviction for cocaine possession, defendant-appellant Germine Miller challenges the decision of the trial court denying his Crim.R. 32.1 motion to withdraw his guilty plea, made prior to sentencing.
On October 15, 1998, Miller was indicted for possession of cocaine in violation of R.C. 2925.11(A). The charge included a major drug offender specification. Miller secured his own counsel. Counsel filed two motions to suppress. One motion concerned any evidence illegally obtained by the state, including that related to the seizure and arrest of Miller, all statements made by or elicited from Miller, and tangible evidence seized from Miller. It also sought a demonstration from the state as to why the prosecution should not be dismissed. The other motion concerned suppressing testimony of a government witness. According to Miller, he entered a guilty plea after his counsel had advised him that he was taking a "seven year deal but [could] always withdraw [his] pleas before sentencing." Miller also testified that his attorney did not discuss the validity of the search warrant issued in the case.
At a hearing on April 26, 1999, Miller pleaded guilty. The trial court advised Miller that he was waiving certain constitutional rights, and it advised him of the possible sentences that could be imposed. Miller signed a guilty-plea form and was thereafter found guilty of possession of cocaine.
Before sentencing, Miller secured another attorney and filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. In support of the motion, Miller's new counsel alleged that, because there were valid legal grounds for challenging the validity of the search warrant, Miller should be freely allowed to withdraw his guilty plea.
On August 12, 1999, the trial court held a hearing on Miller's motion to withdraw the guilty plea. Miller and his girlfriend, Nina Cook, testified at the hearing. An affidavit in support of the search warrant was admitted into the record. After hearing the testimony and reviewing the evidence, the trial court denied Miller's motion and sentenced him to a term of imprisonment of seven years. Miller filed a notice of appeal the same day.
On August 17, 1999, Miller filed a motion for reconsideration of the ruling on the motion to withdraw the guilty plea and attached an affidavit from his first counsel. The motion to reconsider was denied and Miller appealed that decision. On October 29, 1999, this court dismissed the appeal on the motion for reconsideration. Therefore, the only issue before us now is whether the trial court's decision denying Miller's motion to withdraw the guilty plea was an abuse of discretion.[1]
It is well established that a presentence motion to withdraw a guilty plea should be freely granted.[2] The decision whether to grant or deny a presentence motion rests within the sound discretion of the trial court and will not be reversed absent an abuse of discretion.[3] To conclude that there was an abuse of discretion in this case, we must be persuaded that the trial court's decision was "unreasonable, arbitrary or unconscionable."[4]
Basically, Miller contends that his motion to withdraw the guilty plea should have been granted because the affidavit offered in support of the search warrant failed to establish probable cause. He contends that the complete lack of dates in the affidavit rendered the affidavit too stale to establish probable cause. After due consideration, we agree.
When ruling on an application for a search warrant, the judge or magistrate must review the accompanying affidavit in order to determine whether probable cause presently exists.[5]
This determination should be made pursuant to the totality of the circumstances presented.[6] Once the judge or magistrate makes a determination, the issue at a later suppression hearing becomes whether there was a "substantial basis" for the probable cause ruling.[7] If the existence of probable cause may be doubtful, preference should be given to upholding the warrant.[8]
We have recently held, in State v. Lauderdale,[9] that an affidavit fails to demonstrate probable cause, as a matter of law, where nothing is presented in the affidavit to date the information contained in it. We explained:
 While it is true that the magistrate was entitled to make reasonable inferences from the information contained in the affidavit, there is nothing in this affidavit to support an inference as to when the events occurred. With respect to the element of time, the affidavit is not even "barebones" — it is simply bare.[10]
Therefore, it is clear that an affidavit must contain some meaningful temporal information allowing a judge or magistrate to determine that probable cause exists at the time the search warrant is issued, not at some unspecified time in the past.[11]
In this case, Miller was able to show below that, if his new counsel had been permitted to attack the search warrant, he might have been able to demonstrate that the supporting affidavit lacked the appropriate temporal facts to support the existence of probable cause. Under these circumstances, if such an attack had gone forward, there could have been a substantial basis for concluding that the warrant itself was not properly supported in law. In the motion to withdraw the guilty plea and at the hearing on the motion, Miller therefore demonstrated good cause to withdraw his guilty plea by presenting a legally valid basis for attacking the search warrant. Accordingly, we conclude that the trial court abused its discretion in refusing to allow Miller to withdraw his guilty plea in order to attack the search warrant, and we sustain Miller's assignment of error.
The judgment of conviction is, therefore, reversed, and this case is remanded to permit Miller to withdraw his guilty plea and to file a motion to suppress attacking the search warrant.
Judgment reversed and cause remanded.
 ________________________________________ SUNDERMANN, Judge.
 DOAN, P.J, concurs.
PAINTER, J., concurs separately.
[1] Although appellate counsel encourages us to consider the affidavit from Miller's first counsel attached to the motion for reconsideration, we are unable to review it because it was not properly in the record with respect to the proceedings on the motion to withdraw the guilty plea.
[2] See State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715.
[3] See id. at 527, 584 N.E.2d at 719.
[4] See id., quoting State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144, 149.
[5] See Sgro v. United States (1932), 287 U.S. 206, 210,53 S.Ct. 138, 140.
[6] See Illinois v. Gates (1983), 462 U.S. 213, 233,103 S.Ct. 2317, 2329; State v. George (1989), 45 Ohio St.3d 325, 329,544 N.E.2d 640, 644.
[7] See Illinois v. Gates, supra, at 238-239, 103 S.Ct. at 2332,State v. George, supra, at 329, 544 N.E.2d at 644-645.
[8] See State v. George, supra, at 329-330, 544 N.E.2d at 644-645.
[9] (Feb. 18, 2000), Hamilton App. Nos. C-990294 and C-990295, unreported.
[10] Id.
[11] See United States v. Elliott (S.D.Ohio 1984), 576 F. Supp. 1579;State v. Lauderdale, supra; State v. Navarre (June 9, 1989), Wood App. No. WD-88-43, unreported.