NOT DESIGNATED FOR PUBLICATION

No. 112,882

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAVIS WINFIELD SAVAGE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed December 11, 2015. Affirmed in part and reversed in part.

*Michelle David*, legal intern, and *Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Patrick J. Hurley*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., ATCHESON, J., and WALKER, S.J.

*Per Curiam*:  Police obtained a warrant to search Travis Winfield Savage's home on the basis of a report from a neighbor, a trash pull, and a 15-year-old conviction for drug possession. During the search police found marijuana and drug paraphernalia. Savage was charged with one count of possession of marijuana and one count of possession of drug paraphernalia. Savage filed a motion to suppress evidence gathered in the search, alleging there was not probable cause to support the warrant. The motion was denied. Savage proceeded to a bench trial on stipulated facts and was found guilty.

1

Because we find that there was insufficient evidence presented in the affidavit to support the warrant, we reverse. Furthermore, we reject Savage's second issue on appeal that the district court failed to properly advise him of his right to a jury trial.

FACTUAL AND PROCEDURAL HISTORY

On February 28, 2013, and again on June 10, 2013, Kara Cole called the Douglas County Sheriff's office and reported that there was a high volume of traffic at her neighbor Savage's house. During the second call, Cole indicated that she believed that the traffic at Savage's home was indicative of drug activity. Cole did not provide any evidence or reason for this suspicion.

Nevertheless, on July 1, 2013, police collected two trash bags from the curb in front of Savage's home. In one bag, police found numerous pieces of mail addressed to Savage, loose green vegetation that was identified as marijuana, and an open package of Zig-Zag cigarette rolling papers. Internal police investigation revealed that Savage had a prior conviction for possession and sale of hallucinogenic drugs in 1997.

Armed with this information police requested and received a search warrant. The next day, police conducted a search of Savage's home.

Savage admitted to police that he had marijuana in the drawer of a coffee table in his living room. Police confiscated 3.75 grams of marijuana from the home along with a glass smoking pipe that tested positive for marijuana residue.

Savage filed a motion to suppress the evidence gathered in the search, arguing that police lacked probable cause to conduct the search. The district court denied the motion. After the motion was denied, Savage decided to waive his right to a jury trial and instead

proceed to a bench trial on stipulated facts. The district court found Savage guilty. Savage filed a timely appeal.

ANALYSIS

Savage argues that the district court erred when it denied his motion to suppress evidence obtained during the search of his home on the basis that the warrant authorizing the search lacked probable cause. The judge issuing a search warrant is charged with making a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of any person supplying hearsay information, a crime has been or is being committed and there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Powell*, 299 Kan. 690, 695, 325 P.3d 1162 (2014). When the validity of a search warrant is challenged on appeal, the appellate court must simply determine "'whether the affidavit provided a substantial basis for the magistrate's determination that there [was] a fair probability that evidence [would] be found in the place to be searched.'" 299 Kan. at 695. While the magistrate's determination regarding the sufficiency of evidence presented in an affidavit is inherently deferential, a reviewing court is able to "'perform its own evaluation of the affidavit's sufficiency.'" 299 Kan. at 695-96. If, on review, it is determined that a warrant was issued without probable cause, and thus the resulting search was illegal, the standard remedy is suppression of the evidence gathered in the search. See 299 Kan. at 694-95.

*The affidavit did not provide a substantial basis for the magistrate to conclude that there was a fair probability that marijuana would be found in Savage's home.*

The first step in addressing Savage's challenge is to determine whether the warrant to search his house was supported by probable cause. The affidavit in support of the warrant cites three bases for finding probable cause: (1) two reports by Savage's

3

neighbor that there was a high volume of traffic at Savage's home and that she was concerned that there was possibly drug activity taking place at the house; (2) a trash pull that revealed marijuana; and (3) Savage's 15-year-old conviction for possession of drugs. Each of these elements must be evaluated individually and then collectively to decide whether the totality of the circumstances supported the magistrate's probable cause determination.

*The Neighbor's Report*

The affidavit at issue here first cites two reports from a neighbor as evidence giving rise to probable cause that illegal activity was taking place at Savage's residence. The first report was made in February 2013. During that call, Savage's neighbor reported that "she felt there was a high volume of traffic" at the house in which Savage lived with his girlfriend, two young boys, and an older man. The second report was made on June 10, 2013, by the same neighbor. The neighbor called back in to report that traffic had increased since the last report and she was "concerned for the safety of the 2 children and for the neighborhood, because she felt that there was possibly drug activity" at Savage's residence.

It is well established that hearsay may be included in an affidavit as support for finding probable cause to issue a search warrant. See *Illinois v. Gates*, 462 U.S. 213, 241-42, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983); *State v. Hicks*, 282 Kan. 599, 614, 147 P.3d 1076 (2006). However, when hearsay is used to support an affidavit, magistrates are required to consider the "'veracity' and the 'basis of knowledge' of any person providing hearsay information. [Citations omitted.]"  282 Kan. at 614. Identified informants are considered inherently more trustworthy than anonymous tipsters. See 282 Kan. at 614-15. But, an informant's tip should demonstrate that the informant has a substantial basis of knowledge regarding the alleged criminal activity. See *Gates*, 462 U.S. at 244-46.

4

Here, Savage's neighbor, Cole, identified herself to the police. By doing this her information would be entitled to a presumption of reliability. However, the content of Cole's "tip" failed to show that she had any basis of knowledge regarding criminal activity taking place at Savage's residence. Cole merely indicated that there was a lot of traffic at Savage's home, which she thought might indicate drug activity. She did not indicate that she knew the people coming and going were drug dealers or users, did not witness drug use, did not observe drugs being brought in or out of the home, or observe drug sales taking place. Her tip contained no details that could give rise to even reasonable suspicion that illegal activity was taking place at Savage's home. Accordingly, her unsupported statement adds nothing to the determination of probable cause in this case.

*The Prior Conviction*

At the hearing on the motion to suppress, the district court acknowledged that Savage's 15-year-old prior conviction contained in the affidavit supporting the search warrant was remote. The district court concluded that standing alone, the prior conviction provided no basis for finding probable cause but that it could be considered as one piece of the puzzle providing context for everything else.

In *Hicks*, our Supreme Court considered the value of Hicks' prior convictions in determining whether there was probable cause to believe he was engaged in illegal activity. Hicks had three prior drug related convictions, the most recent of which was 6 years old at the time the affidavit was filed. The Supreme Court considered this evidence to be "extremely stale" and determined it could not, "without more, provide a basis to believe drugs would be found at the residence." 282 Kan. at 616.

Here, Savage had just one prior drug conviction that was almost 16 years old at the time the affidavit was filed. If Hicks' conviction 6 years prior was stale, Savage's was all

the more so. Accordingly, Savage's prior conviction adds very little to the probable cause determination.

*The Trash Pull*

Given that the report by Cole and Savage's stale conviction provide little to no evidence that Savage was engaged in illegal activity at the time the warrant was issued, the district court's ruling can only be upheld if the trash pull provides sufficient evidence to validate the search warrant. Savage does not challenge the legality of the trash pull, only the sufficiency of the evidence recovered to support a probable cause determination.

The affidavit at issue here clearly established a nexus between the garbage retrieved and the residence to be searched. The affidavit states that two trash bags were pulled from in front of Savage's home, on the same day, one yellow bag and one white bag. In the white bag were 14 pieces of mail along with two other documents addressed to Savage at the address to be searched, as well as mail addressed to two other individuals at the same address. Furthermore, an unknown quantity of marijuana mixed with coffee grounds and an opened package of Zig-Zag rolling papers were found. In addition, the trash pull was done the day before the warrant was requested, so the information was not stale. Nevertheless, we are compelled to find that the items recovered from the trash pull fail to establish a fair probability that further evidence of the crime of possession of marijuana would be found in Savage's home.

Even though the affiant requested a search warrant "to complete a more thorough investigation of possession of marijuana," a close examination of the evidence reveals that there is insufficient evidence to suggest a fair probability that marijuana would be found in Savage's house on July 2. The only evidence of criminal activity is that someone who was in the house possessed marijuana and unused rolling papers at some unknown time and subsequently discarded both. The amount of marijuana found is not delineated

6

in the affidavit, but the fact that it was mixed with coffee grounds would suggest it was a small amount, consistent with individual use and not distribution. We do note that no partially burned or used rolling papers were found. We acknowledge that the possession of any amount of a controlled substance, even if it is not measurable or usable, is a crime in Kansas. *State v. Sisson*, 302 Kan. 123, 126, 351 P.3d 1235 (2015). However, the question is whether marijuana and unopened rolling papers found in a trash bag established probable cause to believe that contraband or evidence of a crime would be found in the residence. Neither party suggests that any criminal charges could be pursued merely for the marijuana found in the trash bag. It is unclear when the past use occurred, when the garbage was removed from the house or even when it was scheduled to be picked up. Even assuming weekly garbage collection, the contraband may well have been evidence of marijuana use several days prior to the examination of the garbage.

As this court noted in *State v. Bennett*, No. 92,997, 2005 WL 1429919, at *4 (Kan. App. 2005) (unpublished opinion), "Kansas courts have never addressed the issue of whether a single trash pull can alone support a finding of probable cause." And, we do not intend to suggest here that the evidence found in a single trash pull could never be sufficient. But conducting more than one trash pull with similar results could more readily lead to a conclusion that there was a pattern of marijuana possession and use at the residence. We find the quantity and nature of evidence found here simply could not lead to such a conclusion. The only reasonable conclusion that can be drawn is that the evidence was the waste product of possible prior use. See *United States v. Elliott*, 576 F. Supp. 1579, 1582 (S.D. Ohio 1984) (evidence of a single instance of past use found in trash, even in immediate past, does not make the continued presence of marijuana in the home reasonably probable).

In conclusion, considering all the evidence contained in the affidavit here, bearing in mind that some deference should be given to the magistrate's determination at the time he or she issued the search warrant, the magistrate issuing the warrant did not have a

7

substantial basis to conclude that there was a fair probability to believe that marijuana would be found in Savage's home on July 2, 2013. See *Powell*, 299 Kan. at 695. What was in the affidavit came up markedly short of probable cause. Moreover, we find that the proper call to reject the warrant as insufficiently supported was not even a close one. The tip from Savage's neighbor contained no actual allegation of wrong doing or evidence of suspicious activity other than her subjective belief that there was a lot of traffic at Savage's home, Savage's prior drug conviction was extremely stale at the time the warrant was issued, and evidence from the trash pull was insufficient to establish that evidence of the ongoing possession of marijuana would be located in Savage's home. Accordingly, the district court's decision to deny the motion to suppress is reversed and the evidence is ordered suppressed.

*The application of the* Leon *good-faith exception is not properly before this court.*

The State argues on appeal that even if there was not probable cause to support the search warrant, suppression would have been inappropriate because the search can be upheld using the good-faith exception to the exclusionary rule.

In *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984), the United States Supreme Court discussed the purpose of the Fourth Amendment exclusionary rule, which is to deter illegal police conduct, and created an exception to the rule for situations in which officers conduct searches in reliance on warrants that are later deemed invalid. The Court reasoned that when an officer acts in good-faith reliance on a warrant suppression of evidence results in a "benefit conferred on such guilty defendants [that] offends basic concepts of the criminal justice system." 468 U.S. at 908. Rather than trying to correct Fourth Amendment violations by indiscriminately excluding evidence, the Court determined it is necessary to resolve whether the exclusionary rule is appropriate on a case by case basis, "weighing the costs and benefits of preventing the use . . . of inherently trustworthy tangible evidence obtained in reliance on a search

8

warrant issued by a detached and neutral magistrate that ultimately is found to be defective." 468 U.S. at 907.

The exception to the exclusionary rule set out in *Leon* has come to be known as the good-faith exception to the exclusionary rule. *State v. Hoeck*, 284 Kan. 441, 464, 163 P.3d 252 (2007). The good-faith exception applies, with some limitations, when an officer conducts a search in reasonable reliance on a warrant.

The district court denied Savage's motion to suppress based on its belief that the warrant here was supported by probable cause. As a result, it did not address nor did the State even argue whether the good-faith exception would apply. The *Leon* exception is being argued by the State for the first time on appeal. Generally, issues not raised before the district court cannot be raised on appeal. *State v. Johnson*, 293 Kan. 959, 964, 270 P.3d 1135 (2012). There are several exceptions to this general rule, but the State does not assert that any of these exceptions apply, despite the requirement in Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) that an appellant who wishes to raise an issue for the first time on appeal explain why it should be considered. Failure to comply with this rule can result in the appellate court deeming the issue improperly briefed and therefore waived or abandoned. See *State v. Williams,* 298 Kan. 1075, 1085, 319 P.3d 528 (2014). The State provides no explanation as to why it only now raises the good-faith exception to the exclusionary rule. For this reason, we find that the State's argument is not properly before this court.

*The district court properly advised Savage of his right to a jury trial.*

Savage next asks this court to remand his case to the district court for a new trial, arguing that he was improperly advised of his right to a jury trial so that his waiver of the right was not knowing and voluntary.

9

When reviewing a defendant's waiver of his or her right to a jury trial, appellate courts apply a bifurcated standard of review. "[T]he factual underpinnings of a district court's decision to accept a jury trial waiver" are reviewed for substantial competent evidence. *State v. Frye*, 294 Kan. 364, 371, 277 P.3d 1091 (2012). The legal conclusion regarding whether the facts demonstrate that the defendant's waiver was knowing and voluntary is subject to unlimited review. 294 Kan. at 371.

In determining whether a defendant's waiver of the right to a jury trial was valid, the test is "whether the waiver was voluntarily made by a defendant who knew and understood what he was doing." *State v. Irving*, 216 Kan. 588, 589, 533 P.2d 1225 (1975). In addition to an indication from the record that a defendant understood the right he was giving up and gave it up willingly, for a waiver to be valid there must be evidence in the record that the district court advised the defendant of his right to a jury trial and the defendant personally waived the right either in writing or in open court. 216 Kan. at 590.

Here, the district court had two exchanges with Savage regarding his right to a jury trial and his decision to waive the right. The first took place at the hearing on Savage's motion to suppress. At the hearing, after Savage's attorney told the court that Savage wanted to waive his right to a jury trial, the district court advised Savage:

> "THE COURT: When we had—we appeared here on May 6th, and you waived your right to a preliminary hearing, and I had gone ahead and set this matter then for the Motion to Suppress today, and the jury trial in July. That was the request of your attorney, and I assume it was also your request.
>
> "You understand that once you are charged with a felony, you have an absolute right to a jury trial and you have an absolute right for that, to help pick that jury, and then have that jury listen to the evidence and determine whether or not the State proves you guilty beyond a reasonable doubt of these offenses; and then sort of as part of that, you can present evidence and you can testify. On the other hand, nobody can make you

10

testify. Nobody can make you say anything that might incriminate you. And just to let you know, if you remain silent at the jury trial and didn't present any evidence, I do instruct the jury they can't use that against you because you don't have any burden to prove to that jury that you are not guilty. The entire burden is on the State to prove that you are guilty beyond a reasonable doubt. So that is a jury trial sort of in a nutshell.

"What your attorney is proposing is, and it might even be faster to do a trial to the Court rather than stipulated facts. My experience has been that sometimes trying to hash out those stipulated facts can take a long time, and I'm willing to try and shorten that up. I would be glad to be here to hear that evidence. And then I would just make a determination as to whether or not the State proved you guilty beyond a reasonable doubt.

"I think your attorney's plan is that if I would find you guilty beyond a reasonable doubt, there would be an appeal concerning this Motion to Suppress and whether or not that evidence should be suppressed.

"DEFENDANT SAVAGE:  Okay.

"THE COURT:  Does that sound like what you have talked about?

"DEFENDANT SAVAGE:  That is what he explained.

"THE COURT:  Is that how you want to proceed?

"DEFENDANT SAVAGE:  Yes."

Then, prior to beginning the trial on stipulated facts:

"THE COURT:  Okay. And Mr. Savage, before I make any findings, I just want to make it clear that you don't have to proceed this way, that you still have the right to have a jury come in here to actually see these witnesses, testify concerning the facts as are set out in the stipulation if those witnesses appeared; and then through your attorney, you would have a right to cross examine them or ask them questions about their

11

testimony. Additionally, you would have the right to testify and you would have the right to subpoena other witnesses, and there are several other rights or procedural rights that go along with that jury trial. But have you had enough time to talk to your attorney about whether or not you wish to go ahead and proceed on stipulated facts or whether or not you want to go ahead and have the jury hear this evidence and make the determination as to whether or not you are guilty beyond a reasonable doubt?

"DEFENDANT SAVAGE: I am fully aware of how we are proceeding and I am okay with going ahead and doing this today. I don't need the jury trial."

It is apparent that the district court discussed the right and waiver of the right to a jury trial with Savage not once, but twice. Savage responded affirmatively, in open court, both times when asked if it was his desire to waive the jury trial, the second time explicitly saying that he did not "need the jury trial."

Savage argues that "the district court did not make a clear distinction between . . . (1) a jury trial and (2) a bench trial and (3) the use of stipulated facts." He also complains that the district court did not sufficiently detail the rights he was giving up when he waived the right to a jury trial, such as the right to have the jury reach a unanimous verdict.

Neither argument is persuasive. At the hearing on the motion to suppress, the district court's explanation of the difference between a bench trial in which evidence is presented to the court and a bench trial on stipulated facts lacked clarity. However, Savage's claim is that he was not properly advised of his rights regarding a jury trial. Clear and prolonged discussion of all alternative procedures is not necessary for a jury waiver to be valid. What is important is that Savage understood the right he was giving up when he declined to have a jury hear the case, not that he knew exactly how the bench trial would proceed. At both the hearing and the bench trial, the district court clearly explained how a jury trial works and the rights attendant with a jury trial. On both

12

occasions, the district court asked if Savage was sure he wanted to proceed without a jury trial, and on both occasions Savage responded affirmatively. The fact that the district court did not explain every detail of the jury trial process does not vitiate Savage's waiver. See *State v. Beaman*, 295 Kan. 853, 859, 286 P.3d 876 (2012). Accordingly, his claim of error fails.

Affirmed in part and reversed in part.