**Byron Dewayne SMITH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2008–CA–000770–MR.

Court of Appeals of Kentucky.

Oct. 23, 2009.

Discretionary Review Denied by Supreme Court Nov. 10, 2010.

---

4. See footnote 3, *supra.*

S. Chad Butcher, Lexington, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Bryan D. Morrow, Assistant Attorney General, Frankfort, KY, for appellee.

Before CAPERTON and STUMBO, Judges; BUCKINGHAM,[1] Senior Judge.

*OPINION*

CAPERTON, Judge.

Byron Dewayne Smith entered a conditional plea of guilty on April 21, 2008,[2] reserving the right to appeal from the Fayette Circuit Court's adverse determination on his suppression motion entered January 7, 2008. At the heart of Smith's appeal is whether the Kentucky Constitution affords greater protection for its citizens than its federal counterpart when the police perform a search of one's trash cans left for collection and then subsequently use the information gathered therefrom to obtain a search warrant. After a review of the arguments presented by the parties, the record, and the applicable law, we affirm the Fayette Circuit Court.

■ On September 6, 2007, a search warrant for 2716 Hayden Park Lane was executed based on the affidavit sworn by Detective David Lewis.[3] Detective Lewis based his affidavit on information gathered over the course of six months from numerous anonymous tips and three independent investigations[4] commonly referred to as

---

1. Senior Judge David C. Buckingham, sitting as Special Judge by Assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute (KRS) 21.580.

2. Smith conditionally pleaded guilty to trafficking in a controlled substance, first degree; possession of drug paraphernalia, first offense; and being a persistent felony offender (PFO), first degree.

3. During the execution of the search warrant officers recovered cocaine, marijuana, scales,

cell phones, paraphernalia, and $12,085 in cash, and subsequently arrested Smith.

4. The following is a synopsis of the information Detective Lewis stated in his affidavit and testified to at the suppression hearing:

**March 18, 2007:** Anonymous complaint of drug trafficking at 2716 Hayden Park Lane.
**March 25, 2007:** Anonymous complaint of narcotic sales at 2716 Hayden Park Lane.
**March 26, 2007:** Anonymous complainant reported drug activity occurring at 2716 Hayden Park Lane. Complainant gave physical description of subject, named the subject as

"trash pulls."[5] Smith filed a motion to suppress the evidence obtained by the search warrant and argued that the search warrant was not adequately supported by the affidavit and the information contained therein was inaccurate and misleading.

The trial court held a hearing on the matter. In contention at the hearing was Smith's whereabouts prior to the last trash pull, whether the information used in the search warrant was stale, and the accuracy[6] of the information contained within the affidavit. Smith testified that he was out of town from September 4, 2007, till September 6, 2007, and that he did not put his trash[7] can out for collection on or before he left on September 4, 2007. Detective Lewis testified in accordance with his affidavit. He also testified that the trash cans in the neighborhood were placed in front of the residences and that the only trash can searched was associated with Smith's

address. Detective Lewis further testified that he did not believe that anything was wrong with the warrant, i.e., he executed it in good faith.

After hearing the testimony presented by the parties, the trial court found that the information contained in the affidavit was not stale. The court further found that Smith presented ample evidence to establish that he was in Chicago prior to the day the trash was to be picked up. However, while Smith testified that his trash can was in the garage, Detective Lewis explained that the trash pull was taken from the trash can that was associated with 2716 Hayden Park Lane. While there is discrepancy in the testimony, the court found that the search warrant was adequately supported by the affidavit and that the information in the affidavit was accurate and not misleading.

---

Byron Smith, and gave a description of Smith's car.

**April 13, 2007:** Anonymous complaint of drug activity at 2716 Hayden Park Lane; caller identified as Smith.

**April 15, 2007:** Two anonymous complaints; one of a disorder at 2716 Hayden Park Lane involving Smith and another report of drug activity at 2716 Hayden Park Lane.

**April 18, 2007:** First trash pull. Detective Lewis finds suspected marijuana stem and identifying mail in trash can, which was partially in the front lawn and roadway. Mail found in the trash can included a Sprint phone bill, Insight cable bill in name of Nakia Talbert (who was later established to be Smith's girlfriend), and a pizza box with the address of 2716 Hayden Park Lane.

**June 8, 2007:** Anonymous complaint of crack cocaine sell at 2716 Hayden Park Lane involving firearms.

**June 14, 2007:** Second trash pull. Detective Lewis finds another suspected stem of marijuana and identifying mail. Mail showing address of 2716 Hayden Park Lane found. Trash can was located in the same place as before.

**August 24, 2007:** Smith's vehicle seen outside of 2716 Hayden Park Lane by Detective Lewis.

**September 5, 2007:** Third trash pull. Detective Lewis found items containing cocaine residue and baggies, a piece of newspaper, and a piece of kilo wrapping paper. No identifying mail found. Trash can located in the same place as prior trash pulls.

5. A "trash pull" occurs when the police perform a search of one's trash can left for collection.

6. On appeal Smith argues that the affidavit fails to state whether the suspected marijuana stem tested positive or not and that the affidavit fails to state that the trash can had an identifying address on it. At the hearing Detective Lewis testified that the address associated with the residence was on the back of the trash can.

7. After great contemplation over what to call waste disposed of by humans and the container in which it might be stored, and in light of the parties various references to trash can, garbage, garbage can, trash receptacle and/or garbage receptacle, we have decided to just call it plain old "trash" and, where appropriate, use the term "trash can."

Thereafter Smith entered a conditional guilty plea and was sentenced to ten years. It is from the trial court's order overruling his motion to suppress that Smith now appeals.[8]

Smith presents this Court with three arguments as to why the trial court wrongly denied his motion to suppress the evidence obtained in the execution of a search warrant based on Detective Lewis's affidavit. First, Smith argues that the trial court's findings were not supported by substantial evidence. Second, Smith argues that, as a matter of public policy, Section 10 of the Kentucky Constitution should be held to afford greater protection than the Fourth Amendment of the U.S. Constitution. Third, Smith argues that this Court should require an articulable individualized suspicion for a warrantless trash pull.

The Commonwealth counter-argues that sufficient evidence existed to uphold the search warrant affidavit. Further, the Commonwealth counter-argues that Section 10 of the Kentucky Constitution provides no greater protection than its counterpart, the Fourth Amendment of the U.S. Constitution, and that Detective Lewis did not need any suspicion to conduct the trash pull.

■ At the outset we note that our standard of review of the trial court's decision on a motion to suppress requires us to assess whether the trial court's findings of fact are supported by substantial evidence. If they are, then they are conclusive. *See* Kentucky Rules of Criminal Procedure (RCr) 9.78. Substantial evidence means "[e]vidence that a reasonable mind would accept as adequate to support a conclusion" and evidence that, when "taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in the minds of reasonable men." *See Moore v. Asente,* 110 S.W.3d 336, 354 (Ky. 2003).

■ If the findings of fact are supported by substantial evidence, then "[b]ased on those findings of fact, we must then conduct a *de novo* review of the trial court's application of the law to those facts to determine whether its decision is correct as a matter of law." *Commonwealth v. Neal,* 84 S.W.3d 920, 923 (Ky.App.2002) (citing *Adcock v. Commonwealth,* 967 S.W.2d 6, 8 (Ky.1998); *Commonwealth v. Opell,* 3 S.W.3d 747, 751 (Ky.App.1999)). In the matter *sub judice,* we will review the sufficiency of the affidavit underlying the search warrant in a commonsense, rather than hypertechnical manner. *Moore v. Commonwealth,* 159 S.W.3d 325, 329 (Ky.2005).[9]

8. We recognize that in his brief Smith appeals from a "judgment of the Fayette Circuit Court convicting him of . . . [and] also appeals . . . deni[al] [of] his motion to suppress evidence." We only address the denial of his motion to suppress, as his conditional guilty plea was based on the denial of his motion to suppress.

9. *Moore* went on to discuss our appellate review of a search warrant:

[We] must give great deference to the warrant-issuing judge's findings of probable cause and should not be reversed unless arbitrarily exercised. Courts should review the sufficiency of an affidavit underlying a search warrant in a commonsense, rather

than hypertechnical, manner. The traditional standard for reviewing an issuing judge's finding of probable cause has been that so long as the magistrate had a substantial basis for concluding that a search warrant would uncover evidence of wrongdoing, the Fourth Amendment requires no more.

Whether probable cause exists is determined by examining the totality of the circumstances. Furthermore, the test for probable cause is whether there is a fair probability that contraband or evidence of a crime will be found in a particular place. . . . Probable cause does not require certainty that a crime has been committed

In support of his first argument, that the trial court's findings were not supported by substantial evidence, Smith alleges numerous items of misinformation provided in the affidavit to obtain the search warrant. The alleged defects may be summarized as (1) staleness of the information provided [10] in support of the search warrant and (2) that Detective Lewis was reckless and misleading with the information he failed to provide.[11]

Smith argues that if these alleged errors had been rectified, then the judge would not have signed the search warrant. In addition, Smith argues that the trial court could not rely on any additional information supplied by the police at the hearing but must instead look at the four corners of the affidavit to determine whether probable cause existed to obtain a search warrant.[12]

Smith is correct that a judge is bound by the four corners of the affidavit when determining whether to issue or deny a search warrant. *Crayton v. Commonwealth*, 846 S.W.2d 684, 689 (Ky.1992); *see also Illinois v. Gates*, 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983) (totality-of-the-circumstances stan-

dard); *Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 565 n. 8, 91 S.Ct. 1031, 1035, 28 L.Ed.2d 306 (1971) (court limited to review of affidavit itself). However, we disagree with Smith that the trial court's denial of his suppression motion was erroneous.

Smith's motion to suppress the evidence was properly denied, as the trial court's finding that the information contained in the affidavit was not stale was supported by substantial evidence in light of our accompanying jurisprudence. *See Ragland v. Commonwealth*, 191 S.W.3d 569, 584 (Ky.2006), when "the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant." (internal citations omitted).

*Ragland* further discusses how a judge must employ a "totality of the circumstances" approach to probable cause. "Under this test, the issuing magistrate need only make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be

or that evidence will be present in the place to be searched.
*Id.* at 329 (internal citations omitted).

10. Smith argues that there was a long delay between the anonymous tips as there had been no complaints about Smith or the residence in the three months prior to the last trash pull.

11. Smith characterizes this misleading information as: 1) there was no identifying mail found in the third trash pull and, since the Detective listed the identifying mail found in the previous two trash pulls, this invites the magistrate to assume it was present; 2) the affidavit failed to state that Smith had not been seen for months at his residence; 3) Detective Lewis had not kept Smith's residence under surveillance and could not state the connection between Smith and the ad-

dress or even if he was there; and 4) the affidavit failed to state whether the suspected stems tested positive for marijuana.

12. Smith cites this Court to *U.S. v. Elliott*, 576 F.Supp. 1579 (D.C.Ohio 1984), to support his argument that the small amount of marijuana discovered in his trash can was insufficient to obtain a search warrant as it would not provide probable cause that there was a continuing presence of marijuana in the home. We do not find *Elliott* to be persuasive as the facts are easily distinguishable. Unlike *Elliott*, the facts of the case sub judice reflect numerous complaints made against Smith and/or his residence. Moreover, Detective Lewis initiated three separate trash pulls prior to obtaining a search warrant.

found in a particular place." *Id.* at 583 (internal citations omitted).

The information provided in the four corners of the affidavit indicates that the type of criminal activity was of a protracted and continuous nature, thus, based on the nature of the crime, a judge may properly infer that there is a fair probability that evidence of wrongdoing would still be found on the premises given the totality of the circumstances. Accordingly, the trial court correctly found the information provided in the affidavit was not stale.

Turning now to Smith's claim that Detective Lewis intentionally omitted critical information in his affidavit that would have resulted in the search warrant being denied, we find *Guth v. Commonwealth,* 29 S.W.3d 809, 810 (Ky.App.2000), to be controlling.

To attack a facially sufficient affidavit, it must be shown that (1) the affidavit contains intentionally or recklessly false statements, and (2) the affidavit, purged of its falsities, would not be sufficient to support a finding of probable cause. The same basic standard also applies when affidavits omit material facts. An affidavit will be vitiated only if the defendant can show that the police omitted facts with the intent to make, or in reckless disregard of whether the omission made, the affidavit misleading *and* that the affidavit, as supplemented by the omitted information, would not have been sufficient to support a finding of probable cause.

We disagree with Smith that if the affidavit had been supplemented by the omitted information that it would then have been insufficient to support a finding of probable cause.[13] First, Smith complains of an omission, not a reckless or false statement. Smith argues that the judge who issued the search warrant would, in reviewing the affidavit assume or infer that, since the two prior trash pulls contained mail or materials that tied the prior trash with the residence, the third trash pull also contained such mail or materials absent a statement in the affidavit to the contrary. Such an assumption or inference would be contrary to *Crayton, supra,* which limits the magistrate's review to the four corners of the affidavit.

Second, even if the affidavit had pointedly stated that no information identifying Smith was found in the trash can on the third trash pull, this would not result in a lack of probable cause given an evaluation of the "totality of the circumstances" outlined in the affidavit.[14] The affidavit contained a substantial amount of information from which the magistrate could determine, despite the fact that identifying material was not found in the third trash pull, that there was a fair probability that contraband or evidence of a crime would be found in a particular place.

Smith also failed to show that Detective Lewis prepared the affidavit with a reckless disregard for the truth at the hearing. Thus, we agree with the trial court that the information contained in the affidavit was accurate and not misleading, and, therefore, find that the trial court properly denied Smith's motion to suppress the evidence.

We now turn to Smith's second argument that as a matter of public policy Section 10 of the Kentucky Constitution

---

13. Smith also failed to show that Detective Lewis prepared the affidavit with a reckless disregard for the truth at the hearing. Thus, we agree with the trial court that the information contained in the affidavit was accurate.

14. Likewise, reporting whether or not the suspected stem tested positive for marijuana is immaterial given the presence of cocaine residue found on items in Smith's trash can.

should be held to afford greater protection than the Fourth Amendment of the U.S. Constitution. While Smith is correct that states are permitted to extend greater protection to their citizens than that afforded by the federal constitution,[15] our Supreme Court has held that "Section 10 of the Kentucky Constitution provides no greater protection than does the federal Fourth Amendment." *LaFollette v. Commonwealth*, 915 S.W.2d 747, 748 (Ky.1996) (internal citations omitted).

Given this explicit language in *LaFollette*, this Court must disagree with Smith as our function is to review possible errors made by the trial court and, in our review of the record before us, we find that the trial court did not err given our jurisprudence. *See Kaplon v. Chase*, 690 S.W.2d 761, 763 (Ky.App.1985).[16]

 Last, Smith argues that this Court should require an articulable individualized suspicion for a warrantless trash pull. As previously discussed, Section 10 of our Kentucky Constitution provides no greater protection than the federal Fourth Amendment. In *California v. Greenwood*, 486 U.S. 35, 37, 108 S.Ct. 1625, 1627, 100 L.Ed.2d 30 (1988), the U.S. Supreme Court held that the federal Fourth Amendment does not prohibit the warrantless search and seizure of trash left for collection outside the curtilage of a home.

Kentucky courts have been consistent with the holding in *Greenwood*. *See Ragland*, 191 S.W.3d at 584 (affidavit for search warrant was based partially on evi-

dence found during a trash pull). Our courts have not interpreted the Kentucky Constitution to require an articulable individualized suspicion for a warrantless trash pull and, accordingly, the trial court committed no error by denying Smith's motion to suppress.

Based on the aforementioned reasons, we find no error by the Fayette Circuit Court and accordingly affirm its denial of Smith's motion to suppress evidence.

ALL CONCUR.

---

**15.** *See Commonwealth v. Wasson*, 842 S.W.2d 487(Ky.1992), in which the Court discussed the protection of individual rights by the Kentucky Constitution as compared to its federal counterpart. However, *Wasson* did not address Section 10 of the Kentucky Constitution; given the explicit language in *LaFollette v. Commonwealth*, 915 S.W.2d 747 (Ky.1996), we must disagree with Smith's argument that today's concern over the proper disposal of one's trash given this age of identity theft

merits our public policy to grant a greater right of protection from police intrusion into our trash cans.

**16.** *See also* Supreme Court Rule (SCR) 1.030(8)(a) "[t]he Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court."